J-S13043-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
Appellee :
:
v. :
:
TIMOTHY ELWOOD CHARITY, JR., :
:
Appellant :
:  No. 1546 WDA 2018

Appeal from the PCRA Order Entered September 26, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002480-2011

BEFORE:   BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                FILED MAY 21, 2019

Timothy Elwood Charity, Jr. (Appellant) appeals from the order entered September 26, 2018, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel has filed a petition to withdraw and a brief pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). Upon review, we grant counsel's petition to withdraw and affirm the order of the PCRA court.

On April 25, 2012, following a jury trial, Appellant was convicted of third-degree murder and related offenses.[1]  On June 13, 2012, Appellant was sentenced to an aggregate 21½ to 44 years' incarceration.  This Court

_____

[1] Appellant's conviction stemmed from the shooting death of Cameron Mitchell, Jr. in August 2011.

* Retired Senior Judge assigned to the Superior Court.

affirmed Appellant's judgment of sentence on June 18, 2013. Commonwealth v. Charity, 82 A.3d 463 (Pa. Super. 2013) (unpublished memorandum). Appellant did not seek review by our Supreme Court.

On June 15, 2018, Appellant pro se filed a PCRA petition asserting ineffective assistance of counsel and prosecutorial misconduct. Pro Se PCRA Petition, 6/15/2018, at 3. The PCRA court appointed counsel, who submitted a Turner/Finley "no-merit" letter and a petition to withdraw as counsel. On August 24, 2018, the PCRA court issued a notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and on September 26, 2018, the PCRA court dismissed Appellant's petition but did not grant counsel's request to withdraw.

Appellant, through counsel, timely filed a notice of appeal. On November 27, 2018, in response to the PCRA court's directive to file a concise statement pursuant to 1925(b), counsel filed a notice of intent to file a Finley brief.[2] In this Court, counsel filed a Turner/Finley brief and an application to withdraw as counsel.[3]

Initially, we must first determine if counsel has complied with the technical requirements of Turner and Finley.

> … Turner/Finley counsel must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to

_____

[2] In light of counsel's statement of intent to file a Finley brief, the PCRA court determined that "no [o]pinion [was] necessary." PCRA Court Opinion, 11/28/2018.

[3] Appellant has not responded to counsel's filings.

- 2 -

the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of Turner/Finley, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper Turner/Finley request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of Turner/Finley, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has substantially complied with the technical requirements of Turner and Finley. However, before we may consider the merit of the issues contained in counsel's brief, we must first determine whether Appellant has timely filed his petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. See Commonwealth v. Lewis, 63 A.3d 1274,

- 3 -

1280-81 (Pa. Super. 2013) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b).[4]

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, this Court affirmed Appellant's judgment of sentence on June 18, 2013. Appellant did not file a petition for allowance of appeal with our Supreme Court. Therefore, his judgment of sentence became final 30 days later on July 18, 2013, and he had one year to file timely a PCRA petition. Thus, Appellant's June 15, 2018 petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

---

[4] There are also time restrictions on when a petitioner must file a petition after a time-bar-exception claim has arisen. See 42 Pa.C.S. § 9545(b)(2). On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. See 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

In his Turner/Finley brief, counsel states Appellant "fully recognize[s] the untimeliness of the filing of the instant PCRA [petition] and has sought to ameliorate that by asserting the application of two statutory exceptions[:]" 42 Pa.C.S. § 9545(b)(1)(i) ("the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States") and 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Turner/Finley Brief at 1.

Specifically, counsel avers Appellant's "fundamental contention is that former trial and appellate counsel, John Moore[, Esquire], failed and refused to provide [Appellant] with the transcripts of [his] case. [Appellant] argues that this resulted in the dual impact of governmental interference and facts unknown and not discoverable by due diligence." Id. See also Pro Se PCRA Petition, 6/15/2018, at 4 (asserting (1) governmental interference because prior counsel failed to provide Appellant copies of his trial transcripts despite Appellant's repeated requests, and (2) newly-discovered facts[5] that could have only been discovered after Appellant received his trial transcripts).

_____

[5] Appellant's newly-discovered "facts" are the contents of his trial transcripts, which formed the basis of his claims of ineffective assistance of counsel and prosecutorial misconduct he raised in his pro se petition. With respect to the

Upon review of the record and the applicable case law, we find Appellant has failed to plead and prove that either exception applies. First, regarding Appellant's argument that counsel's failure to provide Appellant with his trial transcripts constituted governmental interference, it is well-settled that with respect to the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(i), claims related to alleged interference by defense counsel "do not qualify due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term 'government officials' does not include defense counsel." Commonwealth v. Pursell, 749 A.2d 911, 916 (Pa. 2000). See also 42 Pa.C.S. § 9545(b)(4) ("For purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained.").

Secondly, the claims and averments Appellant now presents upon receipt of his trial transcripts do not constitute "newly-discovered facts."

> This exception requires that the facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence. [T]o fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source.

Commonwealth v. Shannon, 184 A.3d 1010, 1015-16 (Pa. Super. 2018) (citation and quotation marks omitted; bracket in original). Our Supreme

---

former, in his petition, Appellant averred counsel was ineffective for: (1) failing to furnish Appellant with a copy of his trial transcripts; (2) failing to file a petition for allowance of appeal; (3) filing a "defective" appellate brief to this Court on direct appeal; (4) failing to object to prosecutorial misconduct; and (5) failing to object to the trial court's jury instructions. Pro Se PCRA Petition, 6/15/2018, at 5-17.

Court has "held that a petitioner must allege and prove previously unknown 'facts,' not merely a "newly discovered or newly willing source for previously known facts." Commonwealth v. Edmiston, 65 A.3d 339, 352 (Pa. 2013).

Here, Appellant does not present "new facts" upon which a claim is predicated, but instead seeks to litigate "new claims" based upon ineffective assistance of counsel and other alleged errors that occurred at trial that Appellant avers he only recently discovered upon receipt and review of his trial transcripts. However, these transcripts, which were transcribed and made part of the certified record as part of Appellant's direct appeal in 2012, merely reflect what happened during Appellant's trial, in Appellant's presence. Thus, the contents of the transcripts do not reflect newly discovered facts; instead, the transcripts constitute a newly[-]discovered source of these alleged facts. See Commonwealth v. Marshall, 947 A.2d 714, 720 (Pa. 2008) ("The focus of the exception is on [the] newly[-]discovered facts, not on a newly discovered or newly willing source for previously known facts.") (quotation marks omitted; emphasis in original).

Moreover, Appellant is unable to overcome the PCRA time-bar with respect to his claims of counsel ineffectiveness for filing a "defective" appellate brief on direct appeal and for failing to file a petition for allowance of appeal because Appellant was aware of these "claims" more than sixty days before the filing of his pro se PCRA petition in 2018. See Charity, supra (a memorandum filed June 18, 2013 affirming Appellant's judgment

of sentence upon finding, inter alia, the certified record was incomplete and the claims on appeal were not preserved properly, underdeveloped and/or conceded as having no merit); Pro Se PCRA petition, at Exhibit 1 (a letter dated June 25, 2013 from counsel enclosing this Court's memorandum "denying [Appellant's direct] appeal"); Pro Se PCRA petition, at Exhibit 5 (a letter dated October 21, 2014 from the Supreme Court Prothontary advising Appellant that a petition for allowance of appeal was not filed in his case).

Based on the foregoing, we agree with counsel that Appellant's petition was untimely filed and he did not satisfy an exception to the timeliness requirements. Thus, the PCRA court lacked jurisdiction to review his petition, and he is not entitled to relief. We therefore affirm the order dismissing the PCRA petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019

- 8 -